IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR491 |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN A. MILLER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Miller's objection, Filing No. 29, to the Report and Recommendation ("R&R") of the United States Magistrate Judge ("Magistrate"), Filing No. 28, on Miller's motion to suppress, Filing No. 19.  Miller is charged with knowing possession of four stolen firearms in violation of 18 U.S.C. § 922(j) and 924(a)(2).  He seeks suppression of all statements he made to law enforcement officers in an interview conducted at Dakota County, Nebraska, jail on October 13, 2004.  He contends the special agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") questioned him after he had asked for an attorney, in violation of his rights under the Fifth and Sixth Amendments to the Constitution.  The Magistrate recommends that the motion be denied.  Filing No. 28, R&R at 7.  The magistrate found that there had been no showing that Miller made a clear and unequivocal request for an attorney.  *Id.* at 6.

An evidentiary hearing was held before the Magistrate on September 6, 2005.  Filing No. 26, Hearing Transcript ("Hrg. Tr."); Filing No. 23, Minutes.  Under 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of those portions of the report or recommendations to which defendant Olivo objects.  The court has reviewed the record, including the transcript of the hearing and the Hearing Exhibits ("Hr'g Exs.").  *See* Filing

Nos. 23, 25. The court has also listened to an audiotape of the interrogation. *See id.,* Hr'g Ex. 3. Filing Nos. 23, 25, Hearing Exhibit ("Hr'g. Ex.") 1. For the reasons set forth below, the court finds Miller's objection to the Magistrate's findings should be sustained, the Report and Recommendation of the Magistrate should not be adopted, and defendant's motion to suppress should be granted.

I. BACKGROUND

The court generally accepts the Magistrate's factual findings with certain modifications as noted herein. There is no dispute that defendant Miller was questioned by two special agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in a conference room of the Sheriff's Office at the Dakota County jail. At that time, Miller was incarcerated there on other charges. Hr'g. Exs. 1, 2. Special Agent Francis Todd Monney testified that he was alone with the defendant in the conference room and that defendant Miller stated "I want to talk to a lawyer before I talk about it." Hr'g Tr. at 10-11. Monney testified that he did not respond to Miller and that he "assumed he thought we were there about the drug charges." *Id.* at 11. Immediately thereafter, Special Agent Zane Dodds, who had been setting up a hidden recording device, entered the conference room. *Id.* The interview was secretly recorded from that point on. *Id.* at 13-14. Hr'g. Ex. 3. Special Agent Monney remained in the room during the interview, but did not inform Special Agent Dodds that Miller had requested an attorney. *Id.* at 14. Special Agent Dodds testified that he made contact with Miller a year earlier in connection with the investigation at issue. Hr'g Tr. at 17.

The court's review of the audiotape of the interview shows that Special Agent Dodds entered the room, greeted the defendant as "Bryan," introduced himself and stated "You're in jail right now on a drug charges and all that stuff, we don't want to talk to you about that."

2

Special Agent Dodds then stated: "[s]ince you're in jail I gotta read these to you, if we were out on the street I wouldn't because you wouldn't be under arrest, okay?" *See also* Hr'g Tr. at 20, 27. Special Agent Dodds proceeded to read the *Miranda* warnings, stating that defendant had the right to remain silent and to have a lawyer present, and that "if you decide to answer any questions now, without a lawyer present, you have the right to stop at any time." He did not explicitly ask the defendant if he waived his rights, but stated, "Understand?" The defendant responded "Yep." The defendant was not presented a written waiver form for his signature. Special Agent Dodds then stated "[w]e're here to talk to you about some shotguns [other persons] had, and those other guys." Special Agent Dodds proceeded to question Miller at length about certain short shotguns and other weapons.

## II. DISCUSSION

The Fifth Amendment to the Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court "established a number of prophylactic rights designed to counteract the 'inherently compelling pressures' of custodial interrogation," including the right to have counsel present. *Id*. at 479. *Miranda* did not hold, however, that those rights could not be waived. *McNeil v. Wisconsin*, 501 U.S. 171, 176 (1991). If the state can establish that the suspect "knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel," his statements elicited during questioning are admissible. *Miranda*, 384 U.S. at 475.

However, in *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981), the Supreme Court "established a second layer of prophylaxis for the *Miranda* right to counsel: Once a suspect asserts the right, not only must the current interrogation cease, but he may not be

approached for further interrogation 'until counsel has been made available to him.'" *McNeil*, 501 U.S. at 176-77 (citations omitted). The *Edwards* rule applies unless "the accused himself initiates further communication, exchanges, or conversation with the police." *Edwards,* 451 U.S. at 484-85. "If the police do subsequently initiate an encounter in the absence of counsel (assuming there has been no break in custody), the suspect's statements are presumed involuntary and therefore inadmissible as substantive evidence at trial, even where the suspect executes a waiver and his statements would be considered voluntary under traditional standards." *McNeil,* 501 U.S. at 177. This rule "is 'designed to prevent police from badgering a defendant into waiving his previously asserted *Miranda* rights,'" *Id.* (quoting *Michigan v. Harvey*, 494 U.S. 344, 350 (1990)); *see also Arizonza v. Roberson*, 486 U.S. 672, 686 (1988) (expressing disagreement with the contention that "fresh sets of *Miranda* warnings will 'reassure' a suspect who has been denied the counsel he has clearly requested that his rights have remained untrammeled"); *Holman v. Kemna*, 212 F.3d 413, 417 (8th Cir. 2000). "The *Miranda* rule, and the related preventative rule of *Edwards v. Arizona* serve to protect a suspect's voluntary choice not to speak outside his lawyer's presence." *Texas v. Cobb*, 532 U.S. 162, 172 (2001) (citations omitted). Accordingly, once the defendant has invoked the right to counsel, "a valid waiver of that right cannot be established by showing only that [defendant] responded to further police-initiated custodial interrogation even if he has been advised of his rights." *Edwards,* 451 U.S. at 484.

The *Edwards* rule, moreover, is not offense specific: Once a suspect invokes the *Miranda* right to counsel for interrogation regarding one offense, he may not be reapproached regarding any offense unless counsel is present. *Id.* (discussing Fifth

4

Amendment right in contrast to Sixth Amendment right)[1]; *Arizona v. Roberson*, 486 U.S. at 687 (stating that *Edwards* rule applies "[w]hether a contemplated reinterrogation concerns the same or a different offense, or whether the same or different law enforcement authorities are involved in the second investigation"); *Minnick v. Mississippi*, 498 U.S. 146, 153 (1990) (holding that a suspect who has invoked the right to counsel cannot be questioned regarding any offense unless an attorney is actually present); *United States v. Arrington*, 215 F.3d 855, 856 (8th Cir. 2000). No significance can be attached to the fact that the officer who conducted the interrogation did not know that defendant had requested counsel. *Roberson*, 486 U.S. at 687 (noting that "*Edwards* focuses on the state of mind of the suspect and not of the police," and that "custodial interrogation must be conducted pursuant to established procedures, and those procedures in turn must enable an officer who proposes to initiate an interrogation to determine whether the suspect has previously requested counsel").

Neither *Miranda* nor *Edwards* enforces a defendant's Fifth Amendment right, however, unless the suspect makes a clear and unambiguous assertion of the right to the presence of counsel during custodial interrogation. *Texas v. Cobb*, 532 U.S. at 773 (Kennedy, J., concurring); *Davis v. United States*, 512 U.S. 452, 459 (1994) (finding statement "[m]aybe I should talk to a lawyer" was not a clear and unequivocal statement). The "'rigid' prophylactic rule" of *Edwards* is applicable only upon a determination that "the accused *actually invoked* his right to counsel." *Id.* at 458. Where a required *Miranda* warning has been given, a suspect's later confession, made outside counsel's presence,

---

[1] In contrast, the Sixth Amendment right to counsel is offense specific. *McNeil*, 501 U.S. at 175 (noting "[i]t cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced").

5

is suppressed to protect the Fifth Amendment right of silence "only if a reasonable officer should have been certain that the suspect expressed the unequivocal election of the right." *Id.* Invocation of the *Miranda* right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney. *Dormire v. Wilkinson*, 249 F.3d 801, 804 (8th Cir. 2001) (interpreting the question "Could I call my lawyer?" as a mere inquiry whether the defendant had the right to call a lawyer, rather than as an actual request for counsel under the circumstances of the case).

The court's review of the evidence will not support the finding that defendant made no clear and unequivocal request for a lawyer. There is nothing unclear or equivocal about the statement, "I want to talk to my lawyer." In context, and considering the totality of circumstances, a reasonable officer should have understood the statement as expressing a desire for the assistance of an attorney. The government's contention that a reasonable officer would have understood the statement to refer only to questions about the drug charge and not a weapons charge is unavailing. The officers were ATF agents and had interviewed the defendant in the past. Accordingly, it cannot be inferred that defendant did not know the subject of the interview would be weapons.

Special Agent Monney's silence in response to defendant's request for counsel could reasonably be interpreted to mean "no." In addition, Special Agent Dodds' qualifying statement regarding the necessity for a *Miranda* warning could create the inference that the rights outlined were mere formalities not applicable to defendant's situation. Similarly, the officer's statement that the agents were there to ask about weapons that belonged to other people, could also lead to an inference that counsel was unnecessary. In these circumstances the government cannot show any waiver of defendant's asserted right to counsel.

The court finds the evidence establishes that the questioning of Miller by the ATF officers constituted "police-initiated custodial interrogation" in contravention of *Edwards*, so as to render invalid defendant's subsequent waiver of rights. Moreover, there are no circumstances present, such as a break in custody or lapse in time, that would vitiate the coercive effect of an impermissible interrogation so that the admission of subsequent statements is not barred by the *Edwards* rule. *See, e.g., Holman v. Kemna*, 212 F.3d at 420: *Hill v. Brigano*, 199 F.3d 833, 842 (6th Cir. 1999) (lapse in time); *United States v. Gomez*, 927 F.2d 1530, 1539 n.8 (11th Cir.1991) (same); *Dunkins v. Thigpen*, 854 F.2d 394, 397 (11th Cir. 1988) (break in custody dissolves a defendant's *Edwards* claim); *McFadden v. Garraghty*, 820 F.2d 654, 661 (4th Cir.1987) (same).

The court thus finds the defendant's motion to suppress should be granted. In light of this finding, the court need not address defendant's Sixth Amendment claim. Accordingly,

IT IS ORDERED:

1. Defendant Miller's objection (Filing No. 29) to the Report and Recommendation of the United States Magistrate Judge (Filing No. 28) is sustained; and

2. Defendant Miller's motion to suppress (Filing No. 19) is granted.

DATED this 20th day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge